UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEROY A. MOSES,
a/k/a JAWAD AMIR MUSA,

                 Petitioner,                 90 Cr. 863 (RPP)

   - against -                           **OPINION & ORDER**

UNITED STATES OF AMERICA,

                 Respondent.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On June 10, 2008, Petitioner Jawad Amir Musa (a/k/a Leroy Moses), moved for a Writ of *Audita Querela*, pursuant to the All Writs Act, 28 U.S.C. § 1651, to vacate his sentence on the grounds that it is constitutionally infirm. In the alternative, Petitioner moves to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Petitioner's motion is denied.

**1. Factual Background**

In November of 1990, a confidential informant ("CI") working for the Drug Enforcement Administration offered to sell one kilogram of heroin to David Wray. See Moses v. United States, 1993 U.S. Dist. LEXIS 4962, at *2 (S.D.N.Y. 1993). Wray agreed to pay the CI $20,000 as a down payment for the heroin, but Wray did not have this money; Wray contacted Petitioner, who agreed to provide the $20,000 down payment. Id. To complete the transaction, Petitioner and other individuals involved in the heroin purchase drove up from Baltimore and met with the CI in Manhattan on November 27, 1990. After the exchange of the money, but not the heroin, the DEA moved in to arrest the conspirators; Petitioner and a few others escaped but were later

captured and arrested in Baltimore. Id. at *4. By Indictment 90 Cr. 863, Petitioner was charged with one count of conspiring to possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846.

On July 18, 1991, after a jury trial, Petitioner was convicted of the narcotics conspiracy charged in the indictment. Pursuant to then-governing law, the jury did not make any findings with respect to the quantity of heroin involved in the conspiracy. See Moses v. United States, 2005 U.S. Dist. LEXIS 1743, at *2 (S.D.N.Y. 2005). On December 11, 1992, this Court held a sentencing hearing pursuant to United States v. Fatico, 579 F.2d 707 (2d Cir. 1978), for the purpose of determining the quantity of heroin for which Petitioner was liable. On April 16, 1993, the Court found "by a preponderance of the evidence that [Petitioner] knew that he was engaging in a conspiracy to possess, with intent to distribute, a kilogram of heroin." Moses, 1993 U.S. Dist. LEXIS 4962, at *7-8. Due to his two prior felony narcotics convictions, the Court sentenced him to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). Moses, 2005 U.S. Dist. LEXIS 1743, at 3. The Second Circuit affirmed Petitioner's conviction and sentence. See United States v. Moses, 23 F.3d 396 (2d Cir. 1994). On October 3, 1994, the United States Supreme Court denied *certiorari*. Moses v. United States, 513 U.S. 886 (1994).

On April 10, 1997, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "First Habeas"), alleging that 1) certain amendments to the Federal Sentencing Guidelines required or permitted a reduction in his sentence; 2) both his trial and appellate counsel rendered ineffective assistance; and 3) that the Government improperly withheld impeachment evidence relevant to his defense.

See United States v. Moses, 1998 U.S. Dist. LEXIS 7343 (S.D.N.Y. 1998). On May 19, 1998, this Court denied Petitioner's First Habeas Motion and declined to issue a Certificate of Appealability ("COA"). Petitioner sought a COA from the Second Circuit Court of Appeals, which too denied Petitioner's request.[1]

On July 17, 2000, Petitioner filed an application with the Second Circuit for leave to file a second habeas motion to challenge his sentence on the ground that it was rendered unconstitutional by the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) (the "Second Habeas Motion"). On March 7, 2002, the Second Circuit denied this request because the United States Supreme had not held that Apprendi established a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." See Order of Second Circuit Court of Appeals, dated March 7, 2002.

On September 22, 2003, Petitioner filed another motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (the "Third Habeas Motion"), which was initially assigned to then-Chief Judge Michael Mukasey, but then re-assigned to this Court, which denied the motion on December 31, 2003. Petitioner sought reconsideration of the original transfer order from Chief Judge Mukasey, which was denied. Petitioner then moved for a COA from the Second Circuit, which denied Petitioner's motion on November 24, 2004.

---

[1] On January 29, 2002, Petitioner filed a motion pursuant to Rule 60(b) to vacate this Court's denial of his First Habeas motion in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This Court denied the motion on September 6, 2002. See Moses v. United States, 2002 U.S. Dist. LEXIS 16799 (S.D.N.Y. 2002). Petitioner filed an application for a certificate of appealability on October 24, 2003, which this Court initially denied but later granted under a motion for reconsideration. See Moses v. United States, 2003 U.S. Dist. LEXIS 21600 (S.D.N.Y. 2003). The Second Circuit then affirmed the denial of Petitioner's Rule 60(b) motion in a summary order. See Moses v. United States, 119 Fed. Appx. 357 (2d Cir. 2005). On December 23, 2003, Petitioner filed a second motion pursuant to Rule 60(b) in this Court to vacate this same decision, which was denied on February 8, 2005. See Moses v. United States, 2005 U.S. Dist. LEXIS 1743 (S.D.N.Y. 2005). Petitioner then appealed to the Second Circuit, which denied the appeal on June 4, 2007.

On April 10, 2006, Petitioner filed an application with the Second Circuit for leave to file yet another habeas petition to challenge his sentence on the ground that it was rendered unconstitutional by Apprendi, supra, and the Second Circuit's decision in United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005) (the "Fourth Habeas Motion"). On June 30, 2006, the Second Circuit denied Petitioner's motion, ruling that neither Apprendi, supra, nor Gonzalez, supra, "constitute[d] new rules of constitutional law that have been made retroactive to cases on collateral review by the Supreme Court." See Order of the Second Circuit Court of Appeals, dated June 30, 2006.

**2. Argument**

A writ of *audita querela* lies where the "absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007). Petitioner now moves for such a writ based on two claims arising from the Second Circuit's decision in United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005). Petitioner argues that Gonzalez, supra, should be applied retroactively to vacate his sentence because: 1) the jury failed to find that any amount of heroin was involved in the charged conspiracy; and 2) the Court constructively amended the indictment by instructing the jury that it need not find that the Government proved the exact amount of heroin that Petitioner conspired to distribute in order to find him guilty of conspiracy to distribute heroin. In the alternative, Petitioner seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

    A. *Petitioner Is Not Entitled to Retroactive Relief Under Apprendi and its Progeny.*

Initially, Petitioner's argument derived from Gonzalez, 420 F.3d at 111, that his sentence should be vacated because the jury failed to find the specific amount of heroin

4

that was involved in the charged conspiracy, can be swiftly rejected. In Gonzalez, supra, the Second Circuit, relying on Apprendi, supra, determined that the quantity of drugs is an element of certain crimes, and therefore must either be found by a jury or allocated to by a defendant during the plea proceedings. However, and fatal to Petitioner's claim, the Second Circuit has squarely held that Apprendi and its progeny do not apply retroactively to cases on collateral review. See, e.g., Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005); Carmona v. United States, 390 F.3d 200, 202-03 (2d Cir. 2004). Here, Petitioner's conviction became final on October 4, 1994 when his petition for *certiorari* was denied by the United States Supreme Court. Apprendi, supra, was not decided until June 26, 2000, nearly six years later. Thus, because Petitioner has raised this argument for the first time on collateral review, Petitioner's claim that his sentence must be vacated because the jury did not find the quantity of drugs present in the charged conspiracy is rejected.

For the same reason, Petitioner's ancillary claim that his conviction must be vacated because the court constructively amended the indictment is also rejected. During its charge to the jury at Petitioner's 1991 trial, this Court instructed the jury that "it is not necessary for the government to prove the exact amount of heroin the defendant allegedly conspired to distribute and possess with intent to distribute." Relying once again on Apprendi, supra, and its progeny, Petitioner claims that the indictment was jurisdictionally defective because "the jury was not permitted to make finding[s] of an essential element of the crime (drug quantity)." However, to be successful, this argument is dependant on Apprendi, supra, which, as noted, does not apply on collateral review.

*B. Petitioner Does Not Qualify for a Reduction in His Sentence Pursuant to Section 3582(c)(2).*

In the alternative, Petitioner argues that under 18 U.S.C. § 3582(c)(2) he is entitled to a reduction in his sentence.[2]  Specifically, Petitioner argues that Amendment 503 to the United States Sentencing Guidelines should be applied retroactively to his sentence to limit the amount of heroin for which he could be held accountable for sentencing purposes.  According to the sentencing guidelines manual, Amendment 503, which was adopted subsequent to Petitioner's sentence, "clarifies the defendant's accountability for the actions of other conspirators prior to the defendant joining the conspiracy."  United States Sentencing Guidelines Manual, App. C, Vol. 1 (2007).  Amendment 503 specifies that "the term 'relevant conduct' when used in connection with a conspiracy conviction does not include the conduct of members of a conspiracy undertaken prior to the defendant's joining the conspiracy."  United States v. Bacote, 8 Fed. Appx. 64, 65 (2d Cir. 2001).  According to Petitioner, he is entitled to a reduction in his sentence here because the Court improperly found him responsible for one kilogram of heroin that his conspirators attempted to purchase before he joined the conspiracy.

The general rule is that sentencing amendments that may reduce a defendant's sentence may not be retroactively applied unless they are explicitly designated for retroactive application under United States Sentencing Guideline § 1B1.10(c).  See U.S.S.G. § 1B1.10(a); United States v. Garcia, 339 F.3d 116, 119 (2d Cir. 2003) (declining retroactive application of amendment not listed in Section 1B1.10(c)).  U.S.S.G. Amendment 503 is not designated for retroactive application under U.S.S.G. § 1B1.10(c), so it is not eligible for retroactive application.  See U.S.S.G. § 1B1.10(c).

---

[2] 18 U.S.C. § 3582(c)(2) provides in pertinent part that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … the court may reduce the term of imprisonment."

6

However, an amendment not listed under United States Sentencing Guideline 1B1.10(c) may have retroactive application if it "clarif[ies] the operation of the Guidelines rather than effect[ ] a substantive change in the law." Cook v. United States, 2006 U.S. Dist. LEXIS 83425 (S.D.N.Y. 2006).  But even assuming that Amendment 503 clarifies the Sentencing Guidelines and does not amount to a substantive change in the law, Petitioner is not eligible for a reduction in his sentence because he joined the conspiracy prior to the planned purchase of the one kilogram of heroin, and he knew full well that the objective of the conspiracy was to purchase one kilogram of heroin.

As this Court found in its original 1993 opinion imposing sentence, after Wray negotiated the purchase of one kilogram of heroin with the undercover agent on November 26, 1990, Wray then met with Petitioner, who agreed to provide $20,000 for the down payment.  Moses, 1993 U.S. Dist. LEXIS 4962, at *3-4.  The next day, Petitioner had a meeting with his coconspirators, and then all the conspirators, including Petitioner, drove up from Baltimore and converged at a gas station in New York to collect the heroin.  Id. at *4-5.  This Court determined that Petitioner had "taken over the direction of the deal" and that he "knew that one kilogram of heroin was being purchased."  Id. at *7-8.  Indeed this Court ruled that Petitioner "knew that he was engaging in a conspiracy to possess, with intent to distribute, a kilogram of heroin."  Id. at *8.  And as even Petitioner's recitation of the facts here provides, the one-kilogram heroin transaction had not been completed when he joined the conspiracy and he was to supply the $20,000 down-payment for the purchase.  See Petition at 21.  Accordingly, it is clear that Petitioner joined the conspiracy knowing that its objective was to purchase one kilogram of heroin, and he was not held responsible for any conduct of his co-

conspirators that predated his participation in the conspiracy. See Moses, 1998 U.S. Dist. LEXIS 7343, at *9 (holding that Petitioner "knew or should have known that the conspiracy in which he was engaged involved one kilogram of heroin [because] ... [Petitioner] had taken over the direction of the deal; his $20,000 provided the conspiracy with the down payment it need, and; he knew that one kilogram of heroin was being purchased).

Accordingly, because Amendment 503 provides relief only for defendants held liable for the conduct of coconspirators that took place prior to when the defendants joined the conspiracy, even if Amendment 503 applies to Petitioner, he is not eligible for relief. See Bacote, 8 Fed. Appx. at 65.

Lastly, Petitioner was not sentenced under the sentencing guidelines. Instead, because his conviction came after two prior felony drug convictions, he was sentenced to a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A). Section 841(b)(1)(A) has not been amended since Petitioner's conviction, so for this reason too, Petitioner's motion for resentencing is denied.

### 3. Conclusion

The Petition is dismissed.

IT IS SO ORDERED.

Dated: New York, New York
January 26 2009

_____
Robert P. Patterson, Jr.
U.S.D.J.

8

Copies of this Opinion and Order sent to:

*For Petitioner:*

Leroy A. Moses
a/k/a Jawad Amir Musa
Reg. No. 28075-037
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887

*Counsel for Respondent:*

Lev L. Dassin, Acting United States Attorney
Southern District of New York
Attn:  Glen Kopp, A.U.S.A.
One St. Andrew's Plaza
New York, NY 10007
Tel:    (212) 637-2210
email:  glen.kopp@usdoj.gov