MANDATE

Case 1:90-cr-00863-RJS   Document 267   Filed 03/08/12   Page 1 of 3

10-3776-cr
United States v. Musa

N.Y.S.D. Case #
90-cr-0863-8(RPP)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand twelve.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           DENNY CHIN,
                *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 08, 2012

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                *Appellee*,

           v.                                         No. 10-3776-cr

JAWAD AMIR MUSA, a.k.a. Leroy Moses,
                *Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:     Jawad Amir Musa, *pro se*, Atwater, California.

FOR APPELLEE:      Glen A. Kopp, Katherine Polk Failla, Assistant United States
                   Attorneys, *for* Preet Bharara, United States Attorney for the
                   Southern District of New York, New York, New York.

Appeal from orders of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders entered on June 23, 2010, and July 2, 2010, are AFFIRMED.

MANDATE ISSUED ON 03/08/2012

Jawad Amir Musa was convicted in 1991 after a jury trial in the Southern District of New York of conspiracy to possess with intent to distribute one kilogram or more of heroin. See 21 U.S.C. §§ 841(b)(1)(A), 846. Because Musa had two prior felony drug convictions, § 841(b)(1)(A) mandated a life sentence, which he is now serving. Having failed to secure reversal of that conviction on either direct appeal or through collateral challenges, Musa moved in 2010 pursuant to Fed. R. Crim. P. 36 to correct the judgment of conviction to indicate that he was convicted of a conspiracy to traffic in an unspecified quantity of heroin, see 21 U.S.C. § 841(b)(1)(C), rather than one kilogram or more of heroin, see id. § 841(b)(1)(A), because the specified drug quantity had been found by a preponderance of the evidence by the district court rather than beyond a reasonable doubt by the jury. See United States v. Thomas, 274 F.3d 655, 663 (2d Cir. 2001) (en banc) (holding that, where drug quantity triggering mandatory minimum is not found by jury beyond a reasonable doubt, defendant must be sentenced under § 841(b)(1)(C)). Musa now appeals pro se from orders denying that motion as well as reconsideration. We review the challenged Rule 36 decision de novo, see United States v. Burd, 86 F.3d 285, 287 (2d Cir. 1996), assuming the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Musa's appeal fails for two reasons. First, the relief he seeks does not properly fall within the narrow scope of "clerical error" referenced in Rule 36. That rule does not permit a district court to correct errors of law, judgment, or even misidentification. See id. at 288; United States v. Werber, 51 F.3d 342, 347–48 (2d Cir. 1995). It provides for correction only

2

of errors "of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." United States v. Burd, 86 F.3d at 288 (internal quotation marks omitted). The error of which Musa complains is not one of recitation or mechanics. The district court plainly intended to enter judgment pursuant to § 841(b)(1)(A) rather than § 841(b)(1)(C), as evidenced by the sentence imposed, which was mandated by the former statute and beyond the maximum of the latter. To the extent Musa complains that such a judgment is barred by United States v. Thomas, 274 F.3d 655, he argues a purported error of law that cannot be addressed under Rule 36.

Even if Rule 36 were not so circumscribed, Musa's appeal fails for a second reason. Thomas does not apply retroactively to judgments such as Musa's, which became final before Thomas was decided. See Coleman v. United States, 329 F.3d 77, 83–90 (2d Cir. 2003) (holding that Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, including Thomas, establish non-retroactive procedural rules). Thus, Musa's appeal fails on the merits.

We have considered Musa's other arguments on appeal and conclude that they are without merit. Accordingly, the orders of the district court are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court



3

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit