UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAWAD AMIR MUSA, a/k/a
LEROY A. MOSES,

                                  Petitioner,                    90 CR 863 (RPP)

      -against-

                                                               **ORDER**

UNITED STATES OF AMERICA,
                                Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On October 16, 2013, Petitioner Jawad Amir Musa ("Musa"), also known as Leroy A. Moses, filed a pro se petition for a writ of audita querela in order to attack his sentence, which he alleges is "constitutionally infirm." (See Pet. for Writ of Audita Querela or Other Relief ("Pet. for Writ") at 1, 90 CR 863, ECF No. 268.) Musa also filed a motion to appoint counsel pursuant to Title 18 U.S.C. § 3006(a)(2)(B) and 28 U.S.C. § 1915(e). (Mot. to Appoint Counsel in this Pet. for Writ of Audita Querela ("Mot. to Appoint Counsel"), Oct. 16, 2013, ECF No. 269.)

      Musa was convicted in 1991 of conspiring to possess, with intent to distribute, one kilogram of heroin, in violation of 21 U.S.C. § 846. Because Musa had two prior felony narcotics convictions, he was sentenced to life in prison, pursuant to 21 U.S.C. § 841(b)(1)(A), on April 23, 1993.[1] The Court of Appeals affirmed Musa's conviction and sentence on April 13, 1994, United States v. Leroy Moses, a/k/a "Jawad Amir Musa", 23 F.3d 396 (2d Cir. 1994), and this Court denied Musa's pro se motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on May 20, 1998.

---

[1] Though Musa was convicted on July 18, 1991, Musa's sentencing was postponed pending the outcome of the Second Circuit's decision in United States v. Miranda-Ortiz, decided sub nom. United States v. Martinez, 987 F.2d 920 (2d Cir. 1993). See Moses v. United States, No. 97-CV-2833 (RPP), 1998 WL 255401, at *1 (S.D.N.Y. May 20, 1998).

1

In Musa's current petition for a writ of audita querela, he claims (1) that his life sentence was "in violation of due process, where he was denied his federal constitutional right to have a jury determine beyond a reasonable doubt all fact[s] legally essential to his sentence"; (2) that he "is actually innocent of the sentence imposed upon him"; and (3) that the Supreme Court's ruling in Alleyne v. United States, 133 S. Ct. 2151 (2013) "brings new light to Petitioner's previously raised issues." (See Pet. for Writ at 7, 11, 13.) Because Musa has already challenged his sentence in a § 2255 petition, he asserts that a writ of audita querela is "both the appropriate and the only available avenue of relief." (Id. at 3.)

The writ of audita querela has been abolished with respect to civil cases, but it remains available in limited circumstances with respect to criminal convictions. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007). It is "probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (internal citation omitted). The Second Circuit has held that the writ may be available in situations where "no other avenue of judicial review [is] available for a party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation." Richter, 510 F.3d at 104 (citing In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997)).

Musa argues that the Supreme Court's holding in Alleyne, 133 S. Ct. 2151 (2013), which held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime that must be submitted to the jury and proven beyond a reasonable doubt, gives rise to a situation where the writ of audita querela should be available. However, Alleyne does not apply to Musa's 1993 sentence because it was not made retroactive to cases on collateral review

by the Supreme Court. See United States v. Redd. et al., No. 13 CV 2971 (2d Cir. Nov. 5, 2013) (in which the Second Circuit joined every other circuit that has addressed the issue—the Fourth, Seventh, and Tenth Circuits—in holding that the rule set forth in Alleyne was not made retroactive). The Second Circuit reasoned that there are two ways that the Supreme Court may make a new rule retroactive to cases. Slip Op. at 6. First, the Supreme Court may expressly hold that a new rule is retroactive to cases on collateral review. Id. Alternatively, the Court may place the new rule within a category of cases previously held to be retroactive, such as new substantive rules that place certain kinds of individual conduct beyond the power of criminal law-making authority to proscribe and new procedural rules that are implicit in the concept of ordered liberty. Id. The Second Circuit found that Alleyne "falls within neither category," and thus the rule in Alleyne was not made retroactive to cases on collateral review. Id. at 7.

Because Alleyne does not allow Musa to claim he is legally innocent of conspiracy to possess heroin, in violation of 21 U.S.C. § 846, and because there is no evidence to support Musa's claim that he is factually innocent, there is no colorable claim of a constitutional violation in Musa's case. Therefore, "the absence of other avenues of collateral attack does not give rise to serious constitutional questions" and a writ of audita querela is not an available avenue of relief. Richter, 510 F.3d at 104.

Accordingly, Musa's petition for a writ of audita querela is DENIED, and Musa's motion for appointment of counsel is moot. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. 28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated: New York, New York
November 18, 2013

*[signature]*
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this order were faxed or mailed to:**

Jawad Amir Musa #28075-037
U.S.P. Atwater
P.O. Box 019001
Atwater, CA 95301

Joon H. Kim
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
Fax: (212) 637-2702

4