

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 10, 2017

**BY ECF**

The Honorable Richard J. Sullivan
United States District Court Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Jawad Amir Musa v. United States*, **97 Civ. 2833 (RJS); 90 Cr. 863-8 (RJS)**

Dear Judge Sullivan:

    The Government respectfully writes in response to the Court's Order dated August 30, 2017, requesting that the Government respond by letter to Petitioner Jawad Amir Musa's motion dated February 10, 2017, and to Petitioner's most recent letters. The Government is sympathetic to the spirit of Petitioner's request and has carefully considered whether there are legal grounds that justify granting the relief that he seeks. But as discussed further below, because there is no lawful basis to authorize the requested post-sentencing relief, we believe the Court should deny Petitioner's motion.

**Background**

    Petitioner was convicted after a jury trial of conspiring to possess one kilogram of heroin with the intent to distribute it. *See Moses v. United States*, 97-cv-2833 (RPP), 90-Cr-863-1 (RPP), 1998 WL 255401, at *1 (S.D.N.Y. 1998). Following a *Fatico* hearing, the district court issued an opinion and order that set forth the material facts of Petitioner's case. (Doc. No. 127; Order and Opinion summarized in *Moses*, 1998 WL 255401, at *1-*3.) In short, Petitioner was found responsible for supplying a $20,000 down payment intended for the purchase of a kilogram of heroin from an individual who turned out to be a confidential informant. *Moses*, 1998 WL 255401, at *1-*2. The Court found that once Petitioner got involved in the conspiracy, he took over the direction of the deal with the informant. *Id.* at *2. When Petitioner saw several co-conspirators get arrested, he fled the scene in his car, and threw a gun out of the car's window. *Id.* at *2.

    This was not Petitioner's first conviction. He was sentenced to a mandatory term of life imprisonment in light of two prior felony informations (for two prior felony narcotics convictions) filed by the Government. *Id.* at *1. Petitioner's conviction and sentence were affirmed by the Second Circuit on appeal, *In re Moses*, 23 F.3d 396 (2d Cir. 1994); the Supreme Court denied review, *Moses v. United* States, 513 U.S. 886 (1994). Since the failure of his direct appeal, Petitioner has filed numerous motions for post-conviction relief, which have all been denied. *See e.g.*, *Moses*, 1998 WL 255401 (denying habeas motion under § 2255); *Moses v. United States*,

2002 WL 31011864 (S.D.N.Y. 2002) (denying Rule 60(b) motion to vacate the Court's Opinion and Order that denied his habeas petition); *Moses v. United States*, 2005 WL 292976 (S.D.N.Y. 2005) (denying another Rule 60(b) motion); *Moses v. United States*, 90 Cr. 863 (RPP), Doc. No. 246 (S.D.N.Y. January 27, 2009) (denying motion for a writ of audita querela, and a motion to modify the sentence under 18 U.S.C. § 3582(c)(2)). Petitioner recently sought Presidential clemency, but his application was denied. Petitioner filed the instant motion to reopen his § 2255 petition on February 10, 2017. (Doc. No. 276.)[1]

**The *Holloway* Decision**

In asking for the relief sought here, Petitioner relies on *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In *Holloway*, the defendant was charged with three gunpoint carjackings that he committed over a two-day span in 1994. *Id.* at 312. In addition to each carjacking, Holloway was also charged with three corresponding counts of using a firearm during a crime of violence, under Title 18, United States Code, Section 924(c). *Id.* The defendant turned down a pretrial offer that would have allowed him to plead guilty to just one of the three Section 924(c) counts, resulting in a Guidelines range of 130-147 months' imprisonment. *Id.* Instead, the defendant chose to go to trial before then-Judge John Gleeson and a jury, where he faced, and was convicted of, all three Section 924(c) counts. *Id.* As a result of the mandatory minimum for the offense and the "stacking" effect of the Section 924(c) counts, the *Holloway* court was required to sentence the defendant to a term of fifty-seven years' and seven months' imprisonment, resulting in what the court, twenty years later, characterized as a "trial penalty" of forty-two years' imprisonment. *Id.* at 312-13.

After Holloway's conviction and sentence were affirmed, the court denied his Section 2255 petition in 2002, and thereafter denied a 2012 motion to reopen the Section 2255 proceeding. *Id.* at 313-14. The court recognized that there were "no legal avenues or bases for vacating" Holloway's sentence. *Id.* at 314. But the court nonetheless issued an order on February 25, 2013, requesting that then-United States Attorney Loretta Lynch move to vacate two or more of Holloway's Section 924(c) convictions. *Id.* The Government initially rejected Judge Gleeson's request, but ultimately moved to vacate two of the Section 924(c) counts while noting that its position should not "be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases." *Id.* at 315.

---

[1] Petitioner's August 28, 2017 letter to the Court emphasizes that Petitioner has had only two minor disciplinary infractions since 2012. It omits, however, that prior to that date (between August 1991 and December 2012) Petitioner had already accumulated approximately sixty-three disciplinary infractions. These infractions included, among other things: thirteen infractions for the use of drugs or alcohol; nine for the possession of drugs, drug paraphernalia or alcohol; three for the possession of gambling paraphernalia; seven for the possession of other contraband; one for threatening bodily harm; one for stealing; and three for giving or accepting money without authorization.

**Discussion**

    1. **Petitioner Raises No Proper Avenue for Relief**

Petitioner's motion is styled as a "motion for relief from final judgment to reopen § 2255 motion pursuant to Fed. R. Civ. P. 60(b)(6) and *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) or alternatively through a writ of audita querela or coram nobis under the all writs act, 28 U.S.C. § 1651(a)." (*See* Pet. Motion at 1.) As further discussed below, whether under Rule 60(b) or by way of a writ, *Holloway* is not a binding change in the law that would justify reopening Petitioner's already oft-denied and unsuccessful post-conviction petitions for relief. As Judge Patterson observed in this very case, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)," *Moses*, 2005 WL 292976, at *4 (quoting *Agostini v. Felton*, 521 U.S. 203, 239 (1997)). *Holloway* is not a "supervening change in governing law," *id.*, let alone one that would "call[] into serious question the correctness of the court's judgment." *Moses*, 2005 WL 292976, at *4 (quoting *Sargent v. Columbia Forest Prob., Inc.*, 75 F.3d 86 (2d Cir. 1996)). And even if Rule 60 were to apply, the motion here is untimely under Rule 60(c), coming almost two decades after Petitioner's conviction. *See, e.g.*, *United States v. Gonzalez*, No. 3:97-Cr-00204 (JCH), 2017 WL 4022797, at *2 (D. Conn. Sept. 13, 2017) (holding that even if defendant's *Holloway* motion was construed as a Rule 60(b) motion, it would be untimely under Rule 60(c), for failure to be filed within a reasonable time).

Separate and apart from *Holloway*, Petitioner does not otherwise identify any new developments in the law, such as a new statute or retroactive constitutional decision, that might provide a basis for relief. *See Rodriguez v. United States*, 959 F. Supp. 2d 521, 523 (S.D.N.Y. 2013) (explaining that the court would deny petitioner's motion on the merits because he "ha[d] already unsuccessfully challenged his sentence on th[e] same grounds"). Just as a second or successive Section 2255 motion must be denied if it is not based on either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013), so too petitioner's duplicative motion must be denied here. *See Alessi v. United States*, 653 F.2d 66, 69 (2d Cir. 1981) (affirming dismissal of successive petition that raised "no new legal grounds" for relief). The district court and Second Circuit have previously found Petitioner's post-conviction claims (including under Rule 60(b) and the writ of audita querela) to be without merit, and nothing has changed to call that determination into question.

    2. ***Holloway* is Not a Lawful Basis to Modify Petitioner's Sentence**

*Holloway* does not create a new and independent jurisdictional avenue for post-conviction and post-sentence relief. No federal court of appeals has adopted the so-called *Holloway* doctrine, and numerous district courts have expressly denied that *Holloway* carries any precedential, doctrinal, or persuasive value. In a recent decision concerning a defendant over whose case he had presided as a district court judge, Second Circuit Judge Denny Chin denied that defendant's claim for *Holloway* relief, explaining that "*Holloway* has no real bearing on my 'ability or inclination' to revisit [the defendant's] sentence . . . . As multiple district courts have recognized, *Holloway* was not intended to be doctrinal and is not binding on this or any other district court."

*United States v. Erskine*, No. 05-Cr-01234 (DC) (S.D.N.Y. August 18, 2017); s*ee also, e.g.*, *United States v. Horton*, No. 2:12-Cr-00007-F1, 2016 U.S. Dist. LEXIS 78611, at *3 (E.D.N.C. June 16, 2016) ("[T]he so-called 'Holloway Doctrine' is not a doctrine at all, but a single case carrying no precedential weight in this court."); *Setser v. United States*, No. 3:03-Cr-381-M-01, 2017 WL 2817429, at *2 (N.D. Tex. June 10, 2017) ("*Holloway* is neither binding nor persuasive, or for that matter, particularly instructive. Certainly, it was not intended to be doctrinal."); *United States v. Brewer*, No. Cr-696-004, 2017 WL 1407651, at *2 (S.D. Ga. Apr. 19, 2017) ("Nor did *Holloway* create an actionable new right under federal law."); *Brown v. United States*, No. 1:00-CR-290, 2016 WL 4745822, at *2 (N.D. Ohio Sept. 13, 2016) (same).

As Judge Chin implicitly acknowledged, a district court does not have the inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. Section 3582(c) of Title 18 of the United States Code provides that a "court *may not* modify a term of imprisonment once it has been imposed except" in three limited circumstances, 18 U.S.C. § 3582(c) (emphasis added), none of which pertains here. *See, e.g.*, *United States v. Terrell*, No. 14-Cr-050, 2017 WL 4176231, at *2 (M.D. La. Sept. 21, 2017) (denying *Holloway* motion because, among other things, "none of the criteria for modifying a sentence" under 18 U.S.C. § 3582(c) were met); *Green v. United States*, No. 06-Cr-1322, 2017 WL 679644, at *3 (D.S.C. Feb. 21, 2017) ("Notably absent from *Holloway* is an explanation of any statutory or constitutional basis for vacating Holloway's convictions.").

Despite Petitioner's suggestion to the contrary, there is no end run around the restrictions of Section 3582 if the proposed sentence modification originates with, or is unopposed by, the prosecutor. As articulated in *Green*, "except for the[] limited circumstances" provided in Sections 3582(c) and 2255, "the authority to modify a sentence that has become final rests solely with the President" under his Article II pardon power. *Green*, 2017 WL 679644, at *3. And "[t]he power to grant pardons … is simply not a power possessed by federal judges under Article III of the Constitution, even if they act with consent of the Department of Justice." *Id.* at *4. As a result, the only remedy available to defendant and prosecutor alike is to prevail upon the President to issue a pardon. Here Petitioner sought Presidential clemency, which was denied, but he is permitted to apply again.[2]

Petitioner's counsel requested a meeting with the Government about Petitioner's motion, and the parties met on October 23, 2017. During that meeting, among other things, the Government expressed skepticism that—despite any sympathies to Petitioner's situation—it possessed the authority to join in the Petitioner's request for relief. (*See* Letter from Petitioner's counsel dated October 30, 2017, Doc. No. 285.) In response, the Government received a letter from Petitioner's counsel dated October 30, 2017, in which counsel suggested that the Government has the authority under Federal Rule of Criminal Procedure 48 to move to vacate Petitioner's conviction. (Doc. No. 285 at 1) (the Government "may properly make a Rule 48 motion even after appellate review has concluded and collateral attacks have been exhausted"). In the Government's view, Rule 48, which states that the Government "may, with leave of court, dismiss an indictment,

---

[2] A person whose request for commutation of sentence is turned down may reapply after one year from the date of the President's denial of the request.

information, or complaint," Fed. R. Crim. P. 48, does not contemplate motions to vacate at this stage, long after imposition of the sentence, when a conviction is final and other forms of post-conviction relief have been denied.

For one, the cases cited by Petitioner do not hold that Rule 48 authorizes the Government to make a vacateur motion where, as here, collateral attacks have been exhausted. To be sure, in *United States v. Smith*, 467 F.3d 785 (D.C. Cir. 2006), and *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010), the Government moved under Rule 48 to vacate the defendants' convictions for violating 18 U.S.C. § 924(c), after those convictions had become final. It did so on the basis that the defendants were not factually guilty of violating Section 924(c), as that statute had been construed by the Supreme Court in *Bailey v. United States*, 516 U.S. 137 (1995). In each case, the appellate court held that the district court had jurisdiction to consider and grant the motions. The courts did not hold, however, that Rule 48 is properly invoked to vacate a conviction after all other avenues of relief have been exhausted. On the contrary, the D.C. Circuit declined to "reach the non-jurisdictional question of whether Rule 48 alone can properly be used to vacate a final conviction," and suggested that the answer is no: "We do observe, however, that both the text of the rule and its roots in the common law doctrine of nolle prosequi cast doubt on Rule 48's applicability post-conviction." *Smith*, 467 F.3d at 789; *see also Rice*, 617 F.3d at 810 ("As explained below, however, we need not resolve whether Rule 48 contains some limitations that could preclude its use in this context [after conviction and unsuccessful direct appeal]"). The holdings in *Smith* and *Rivera* were limited to the conclusion that because Rule 48 is a non-jurisdictional claims-processing rule, the Government and defendant were capable of forfeiting (and did forfeit in those cases) any argument that Rule 48 did not apply.

Second, irrespective of the Government's authority *vel non* to vacate a conviction under Rule 48, these cases do not disturb the limits imposed by Section 3582 on a judge's authority to modify a sentence. In each case, the defendant's conviction under Section 924(c) was one among many, and the vacateur of that conviction left in place significant terms of incarceration (in Smith's case, a life sentence). In *Smith*, the D.C. Circuit affirmed the district court's denial of the defendant's motion for resentencing, and it also explicitly distinguished Rule 48 from Section 3582—describing the latter as a statute in which Congress "in language with a somewhat jurisdictional flavor, limited district court authority to *modify* sentences," declining to resolve whether Section 3582 "imposes jurisdictional restraints" on a court's authority, and leaving open the question whether vacating a sentence constitutes modifying it under Section 3582. 467 F.4d at 788-89 (emphasis in original). Here, the ultimate relief Petitioner seeks is resentencing, and Petitioner's counsel recognizes that if the one count of conviction and accompanying prior felony informations were vacated, Petitioner would likely need to plead guilty again to proceed to a resentencing. (Doc. No. 285 at 1 n.1.)

Thus, at most, *Smith* and *Rice* suggest that Rule 48 could provide cover for the Government to make a motion that is nowhere expressly contemplated or allowed by the rules or by statute. That does not serve as legal authority for the relief sought by Petitioner's motion, nor does it change the fact that Section 3582(c) specifically precludes resentencing in these circumstances. *See also Green*, 2017 WL 679644, at *3 n.8 ("The Court recognizes that, practically speaking, if both sides agree to a proposed ruling from the Court [for *Holloway*-style relief], there is no one to

appeal the decision and it will stand. That is not the same as the Court actually having jurisdiction to make such a ruling.") This is not a mere question of claims-processing rules that can be forfeited. It implicates "the principle of finality which is essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989). In essence, Petitioner asks the Court to add an asterisk to that principle, by embracing a judge-made exception that is time unlimited, and triggered by a subjective, ad hoc, and after-the-fact sense of fairness, rather than any cognizable claim of illegality or unconstitutionality.[3] Such an exception, not laid out in any rule but rather shoehorned into Rule 48, would swallow the express provisions of Section 3582(c) that limit post-sentence relief. But the Supreme Court in promulgating the rules of criminal procedure, no less than Congress in drafting statutes, "does not . . . hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001). Converting Rule 48 into a tool to reevaluate long-settled criminal judgments based on subjective standards of fairness would render finality a principle in name only. Opening the door to such requests would thus jeopardize the bedrock understanding that "[n]o one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing that a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation." *Teague*, 489 U.S. at 309 (quoting *Mackey v. United States*, 401 U.S. 667, 675 (1971) (Harlan, J., concurring in judgments in part and dissenting in part)).

This case is therefore unlike that before this Court in *United States v. Washington*, No. 11-Cr-605 (RJS), 2014 U.S. Dist. Lexis 134666 (S.D.N.Y. July 31, 2014). There, the Court denied the defendant's motion to set aside a jury verdict convicting him of various robbery, firearms, and narcotics offenses that together resulted in a mandatory minimum sentence of 52 years' imprisonment. But this Court observed in a footnote that the Government may have "the authority to effect a more 'just resolution' in this case, perhaps by moving to vacate the second § 924(c) conviction." *Id.* at *34 n.9. Significantly, that suggestion was offered to, and then honored by, the Government, in the *pre-sentencing* phase of the case, before Section 3582(c) limits the conditions under which an already-imposed sentence may be modified. It is therefore unlike the case here, where Petitioner has not only been sentenced, but also has already repeatedly and unsuccessfully sought post-conviction relief. Petitioner also cites *United States v. Williams*, 12-Cr-8 (DWM), Doc. No. 271 (D. Mont. Feb. 21, 2013), where the court, with the Government's consent, dismissed several 924(c) counts of which the defendant had been convicted at trial. Like *Washington*, however, that agreed-upon dismissal happened *before* sentencing, and the case is therefore inapposite.

Petitioner points to three cases where, in the aftermath of *Holloway*, a district court encouraged the Government to consider whether a reduction in sentence might be appropriate, and only two cases (both outside this District) where the Government acquiesced. *See* Pet. Ex. A at 5-

---

[3] This case is thus unlike *Smith* and *Rice*, where the Government's motions were based on the conclusion that after *Bailey*, the defendants' conduct did not satisfy the elements of a Section 924(c) offense. *See Smith*, 467 F.3d at 786-87; *Rice*, 617 F.3d at 806. Here, Petitioner does not claim that his conviction or sentence would be deemed unlawful under current law, but instead relies on the subjective assertion that the sentence is unjust.

6 (Doc. 279-1) (discussing *United States v. Martinez-Blanco*, No. 06-Cr-396, ECF No. 220 (N.D. Ga. March 26, 2014), and *United States v. Rivera*, Nos. 83-96-01-CR & 83-138-02-CR (E.D. Ok. 2015)).[4] But the overwhelming response in the district courts has been otherwise, as reflected in the cases cite above, and in the citations that follow. *See, e.g.*, *Hagler v. United States*, No. 10-Cr-051, 2017 WL 4125011 (N.D. Ind. Sept. 18, 2017); *Vann v. United States*, 02-Cr-085, 2017 WL 4071139 (E.D. Ok. Sept. 14, 2017); *United States v. Davis*, No. 00-Cr-424, 2017 WL 3782702 (D. Md. Aug. 31. 2017); *United States v. Carrizoza*, No. 02-Cr-045, 2017 WL 2951920, at *2 (W.D.N.C. Jul. 10, 2017) ("[T]he Fourth Circuit has not approved the rationale applied in *Holloway*. Indeed, every district court within this Circuit which has addressed the issue has declined to apply *Holloway* to reduce a defendant's sentence."); *Wade v. United States*, Criminal No. JKB-77-0565, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015); *Buitrago v. United States*, Case No. 1:96-Cr-00067-KMM, 2016 WL 4366486, at *4 (S.D. Fla. Aug. 16, 2016).

For the foregoing reasons, and because there is no lawful basis upon which to grant Petitioner the relief that he seeks, we respectfully submit that the Petitioner's motion should be denied.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney for the
Southern District of New York

By:   /s/ Danielle R. Sassoon
     Andrew S. Dember
     Danielle R. Sassoon
     Assistant United States Attorneys
     (212) 637-2563/1115

cc:     John Gleeson, Esq. (by ECF)

---

[4] Petitioner's August 28, 2017 letter to the Court notes the Government's recent letter to Judge Preska, informing her that it is in the process of reviewing the case of John Eubanks, who likewise has filed a motion challenging his sentence under *Holloway*. *See Eubanks v. United States*, No. 92-Cr-392, Doc. No. 403 (S.D.N.Y. June 14, 2017). The Government's reason for reexamining the sentence in Eubanks's case is independent of *Holloway* and has no bearing on this case.