Jawad Amir Musa
#28075-037
USP Florence
P.O. Box 7000
Florence, CO.  81226

RECEIVED
PRO SE DOCKET UNIT

2017 DEC -4  PM 3: 24

Clerk of the Court
United States District Court
40 Foley Square
New York, N.Y.  10007

November 21, 2017

Re: <u>Jawad Amir Musa v. United States</u>, 97 Civ. 2833 (RJS)

Dear Clerk:

I am the defendant in the above reference case and would like to have the enclosed letter motion filed as my Reply to the government's response to the Court's Order dated August 30, 2017.

I thank you for your time and consideration concerning this matter. Please provide me with a stamped file copy for my records.

Sincerely,

Jawad Amir Musa

cc.file

Jawad Amir Musa
Reg. No. 28075-037
U.S.P. Florence-High
P.O. Box 7000
Florence, CO. 81226

RECEIVED
SDNY DOCKET UNIT

2017 DEC -4  PM 3: 24

The Honorable Richard J. Sullivan
United States District Court Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, New York  10007

November 21, 2017

Re: Jawad Amir Musa v. United States, 97 Civ. 2833(RJS); 90 Cr. 863-8(RJS)

Dear Judge Sullivan:

I am the Pro Se Petitioner in the above reference case respectfully requesting to proceed Pro Se because my Attorney John Gleeson representation was limited to seeking the SDNY's consent to relief, so after the Government submitted their response and refuse to consent to the relief Attorney Gleeson representation ceased.

However, the Pro Se Petitioner respectfully request this Court to accept this Pro Se letter in lieu of a motion as Petitioner's reply to the Government's response to this Court's Order, dated August 30, 2017. Also, if this Court should not receive this reply before the Court make a final decision in this case than Petitioner ask that  this Reply be construed as a Motion for Reconsideration, pursuant to Federal Rules of Civil Procedure 52(b) and 59(e).

The essence of the Government's response to Petitioner's Post-sentencing relief, is that while being sympathic to Petitioner's request "[t]here is no lawful basis upon which to grant Petitioner the relief that he seeks[.]" Government Response, page 7 ("Gov't Resp., pg.").

Petitioner wish only to reply to a couple of specific points made in the government's response that  Petitioner believe will aid this Court in its liberal construction of Petitioner's pleading. See Haines v. Kerner, 404 U.S. 519, 520 (1972)("It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest.")(emphasis added).

First, the government states, "[t]his was not Petitioner's first conviction. He was sentenced to a mandatory term of life imprisonment in light of two prior felony information (for two prior felony narcotics convictions) filed by the government." Gov't Resp., pg. 1. This Petitioner believe it should be noted that Petitioner's prior conviction were for minor offenses. The first prior offense was the result of Petitioner's mother home being raided and 20 or so $5 bags of cocaine was discovered that belonged to Petitioner's uncle. Petitioner was the oldest child of two kids and to keep his mother from going to jail Petitioner

Hon. Richard J. Sullivan
November 21, 2017
Page 2
_____

was selected and volunteer to plead to the charges although the drugs did not belong to Petitioner. The second prior offense involved Petitioner being pulled over in the vehicle and having in his possession cocaine and parapharnelia (straw) and a 25 caliber firearm was found in the trunk of the car. The cocaine found in the car was for personal use as Petitioner was an addict. However, because Petitioner had the first offense he was acceptable to going to prison for the second offense. It should be noted, Petitioner's prior offenses nor his instant offense can be compared to those defendants who are a part of the Mexican cartel and responsible for trafficking in tons of drugs, and yet they only get 10-15 years in prison. See United States v. Vasquez-Hernandez, 834 F.3d 852 (7th Cir. 2016) (Vazquez-Hernandez received 264 months for having multi-hundred kilograms of cocaine and he was a member of the Sinaloa Cartel which is ran by "El-Chapo Guzman" who by the way, is currently in custody of the United States Government but yet only facing a life sentence —— the same sentence this Petitioner is serving —— and he is allegedly responsible for thousands of killings)

Furthermore, the government make mention of the fact of Petitioner's many unsuccessful attempts at getting a just sentence as if to somehow say, by the many denial there is a consensus that I should die in prison for attempting to purchase drugs that I would not have been able to buy anyway because it was all a mirage —— a reverse sting operation set up by DEA, with no potential of any drugs ever hitting the streets.

In addition to these facts, is that the Government's main witness in this case, David Wray, has twice been arrested for new federal cases involving drugs, in addition to violating his probation for drug use and yet the government allowed and agreed that he should remain in society. It was him who was the target of this case, and he had just been released from federal prison for a drug case. The government gave David Wray five years probation for his involvement in this case and gave me a death sentence, this Petitioner cannot be any more a public safety risk than David Wray.

In footnote 3, in its response the government states, "[H]ere, Petitioner does not claim that his conviction or sentence would be deemed unlawful under current law, but instead relies on the subjective assertion that the sentence is unjust." Gov't Resp., pg. 6, fn.3.

Contrary to the government's assertion Petitioner's sentence is deemed unlawful under current law and the facts that have become available doing these rounds of litigation support that. For instance, the prosecutor (Kenneth Wainstein now a private attorney) who prosecuted this case from grand jury through sentencing, stated in his letter, dated May 11, 2017, "I believe that if Mr. Musa had pled guilty to the crime he was charged with before teh enhancement papers were filed, he would have received a guidelines sentence." Petitioner's trial attorney, Warren Brown, who represented Petitioner from preliminary hearing through sentencing, never discussed or told Petitioner that if he plead guilty before the government filed the §851 (prior felony information) Petitioner would not and could not have received a mandatory life sentence. Clearly, had this Petitioner known that the government was not going to file the §851 enhancement if he plead guilty before they done so then Petitioner would have plead guilty and not exercise his right to a jury trial. This Petitioner could have even asked for a Judge trial with stipulated facts putting into issue only the drug quantity this Petitioner knew

Hon. Richard J. Sullivan
November 21, 2017
Page 3

about, as was the issue in the Fatico hearing Petitioner eventually had. Neverthe-less, while the facts of Petitioner case would be unusual in this Court, well established voluminous and recent precedent support and demonstrates the consti-tutional violation which Petitioner has suffered. See Lafler v. Cooper, 132 S.Ct. 1376 (2012); Missouri v. Frye, 132 S.Ct. 1399 (2012). See also, Williams v. United States, 2009 U.S. Dist LEXIS 130611 (S.D.Fla. 11-9-09) affirmed adopted motion granted by Williams v. United States, 2011 U.S. Dist. LEXIS 8982 (S.D.Fla. 1-31-11)(the defendant was not timely advised that, if he did not promptly plead guilty the government could and likely would file an information under 21 U.S.C. §851, which would have the effect of enhancing his sentence to mandatory life. After two evidentiary hearings, first the Magistrate judge then the Dist-rict court both found ineffective assistance of counsel in the plea process because of counsel's failures and also found a reasonable probability that but for the failures defendant would likely have timely pleaded guilty prior to the 21 U.S.C. §851 enhancement. The defendant's conviction and sentence were vacated due to ineffective assistance of counsel in the plea process and he was allowed to plead guilty without the 21 U.S.C. §851 enhancement. Id.); United States v. Gilmore, 2013 U.S. Dist LEXIS 15018 (D.KS 2-4-13)(vacat-ing life sentence imposed under 21 U.S.C. §851 due to ineffective assistance of counsel when he proceeded to trial instead of pleading guilty).

Therefore, contrary to the government's position Petitioner's sentence is unlawful because it is of dubious constitutional vali-dity because trial counsel never told Petitioner if he plead guilty before the government filed the §851 enhancement he would not receive a mandatory life sentence and been eligible for a guidelines sentence. Thus, counsel's performance fell below an objective standard resulting in prejudice to Petitioner. See Glover v. United States, 121 S.Ct. 696 (2001). Thus, when considering the facts in this case, Lafler, Missouri, and Glover Petitioner's sentence is unlaw under current law.

Lastly, concerning the government's response to Attorney Gleeson's letter dated August 28, 2017, concerning John Eubanks' case before Judge Preska. The government states, the "reason for reexamining the sentence in Eubanks' case is independent of Holloway and has no bearing on this case." Gov't Resp., pg. 7, fn.4.

If the government found a lawful means to reconsider Eubanks' case then they could do the same in Petitioner's case because the cases are in the same procedural posture. Eubanks case and this case cannot be distinquish from a procedural perspective, they are both final. So any position the government takes with Eubanks case should and could be taken in the instant case. Therefore, how ever the government plans to get around the rule of finality in John Eubanks' case should be consider in Petitioner's case because Petitioner's case is deserving of that consideration considering he has served

Hon. Richard J. Sullivan
November 21, 2017
Page 4

---

more than 26 years on a life sentence for a non-violent drug offense.
In fact, Petitioner has never hurt anyone in his life, he is 53 years
old, he has drug treatment centers willing to assist him in his continue
recovery if released, his family is prepared to lend support for housing
and employment.

      **In Conclusion,** for the foregoing reason this Petitioner respectfully ask this
Court to aks the Government to reconsider its position and allow this Honorable
Court to give this Petitioner a just sentence. Someone once said;"**Justice has to
have some mercy for it to be relevant.**"

Respectfully Submitted,

Jawad Amir Musa
Reg. No. 28075-037
U.S.P. Florence-High
P.O. Box 7000
Florence, CO. 81226

cc. Joon H. Kim
    Acting U.S. Attorney
    Southern District of New York
    One Saint Andrew Plaza
    New York, N.Y.  10007


    Mr. John Gleeson, Esq.
    Attorney at Law
    Debevoise & Plimpton LLP
    919 Third Avenue
    New York, N.Y.  10022

JAWAD AMIR MUSA #28075-037
UNITED STATES PENITENTIARY
P.O. BOX 7000
FLORENCE, CO. 81226

LEGAL MAIL!

HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT COURT JUDGE
THURGOOD MARSHALL COURTHOUSE
40 FOLEY SQUARE

NEW YORK, N.Y. 10007

10007-150299

FOREVER USA
PURPLE HEART

DENVER CO 802
28 NOV 2017 PM 5 L

RECEIVED
CRIM DOCKET DPR
2017 DEC -4  3: 25
SDNY