**Debevoise
& Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

John Gleeson
Partner
jgleeson@debevoise.com
Tel  +1 212 909 7281
Fax +1 212 909 6836

October 30, 2017

Hon. Joon H. Kim
Acting United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY  10007

*U.S. v. Jawad Musa (f/k/a Leroy Moses)*, 90 CR. 863 (RJS)

Dear Mr. Kim:

Thanks to you, Joan Loughnane, Sarah Eddy, and Danielle Sassoon for making the time to meet with me last week. I write briefly to address your concern that you may lack the authority to do what we ask.

Our application, as you know, is that you move to vacate the only count of conviction, then (if Judge Sullivan grants the application) withdraw the prior felony information to the extent it mandates a life sentence, after which Judge Sullivan would proceed to a resentencing unencumbered by the mandatory life sentence.[1]

The case law discussed below makes it clear that you can agree to make a motion under Rule 48 of the Federal Rules of Criminal Procedure, and if you do, Judge Sullivan will have jurisdiction to entertain that application under 18 U.S.C. § 3231. You may properly make a Rule 48 motion even after appellate review has concluded and collateral attacks have been exhausted. Moreover, even if there were a limitation on your authority to seek relief under Rule 48 at this stage, it would apply only if you choose to invoke it. That is because, as discussed more fully below, any such limitation would be only a "claims-processing" rule, not a "jurisdictional" rule, and you would have the authority to waive it.

In short, you can agree to seek the relief we have requested, and Judge Sullivan will be authorized to grant that relief even though Musa's conviction and sentence are final.

---

[1] If proceeding to a resentencing requires Musa to once again plead guilty to the conspiracy charge, he of course agrees to do so.

Case 1:90-cr-00863-RJS   Document 291-3   Filed 01/30/19   Page 2 of 5

Hon. Joon H. Kim                                2                                October 30, 2017

### A.   "Jurisdictional" Limits Versus "Claims-Processing" Limits

There are very few limitations on the availability of relief in federal cases that cannot be waived. True "jurisdictional" restrictions impose "absolute limits on a court's power to hear and dispose of a case," and therefore can never be forfeited. *Rice v. Rivera*, 617 F.3d 802, 810 (4th Cir. 2010) (citing *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)). Such restrictions delineate "the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick*, 540 U.S. at 455. For example, a time limit *prescribed by statute* is jurisdictional and cannot be waived. *Bowles v. Russell*, 551 U.S. 205, 209–11 (2007) (28 U.S.C. § 2107's time limit for filing a notice of appeal is jurisdictional).

On the other hand, most conditions on the availability of relief, including those established by court-prescribed rules of practice and procedure, "do not create or withdraw federal jurisdiction." *Kontrick*, 540 U.S. at 453 (internal citation and quotation marks omitted). Such rules are enforceable *only* at a litigant's insistence and, if not timely raised, are waived. In other words, "claims-processing" rules (as opposed to jurisdictional ones) that preclude relief are available "to a party properly raising them, but do not compel the same result if the party forfeits them." *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam).

Beginning in 2004 in *Kontrick*, the Supreme Court has acknowledged that its prior decisions were "less than meticulous" in distinguishing between limitations on relief that are jurisdictional and those that are not (and that therefore may be waived), creating the misimpression that "emphatic time prescriptions in rules of court" were jurisdictional. 540 U.S. at 454.

For example, it seemed from the Court's language in *Carlisle v. United States* that the time limit specified in Rule 29(c) for postverdict motions for judgment of acquittal is mandatory and unwaivable. 517 U.S. 416, 420 (1996) (there is "simply no room in the text of Rules 29 and 45(b)" to allow for a motion filed one day after the prescribed time limit). But, as the Court took pains to clarify in *Kontrick*, Rule 29's time limit is not actually jurisdictional. *Kontrick*, 540 U.S. at 454–55; *see also Eberhart*, 546 U.S. at 19. Thus, "a court may not grant a postverdict motion for a judgment of acquittal that is untimely under [Rule 29(c)] *when the prosecutor objects*." *Eberhart*, 546 U.S. at 19 (emphasis in original). Absent objection by the government, the untimeliness defense for a Rule 29 motion is waived.

Consistent with its treatment of Rule 29, the Court held in *Eberhart* that the time limit in Rule 33 governing motions for a new trial is also a claims-processing rule; a prosecutor's decision not to object to an untimely motion therefore entitles that defendant to decision on the merits of the motion. 546 U.S. at 19.

Hon. Joon H. Kim 3 October 30, 2017

### B. There is No Limit on Your Authority to File a Rule 48 Motion in this Context; Even if There Were, It Would be a Claims-Processing Limit and Thus Could be Waived

The relevant portion of Rule 48 states as follows: "The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." Fed. R. Crim. P. 48(a). There is no time limit set forth in the rule, and its text plainly does not preclude a motion after conviction and appeal. *See also* Levenson, Fed. Crim. Rules Handbook, Author's Commentary on Rule 48 (2016 ed.) ("A district court has jurisdiction to grant a government motion to vacate a judgment even after the defendant has completed his appeals.").

More importantly, even if there were such a limit on the availability of relief under Rule 48, there is no question that you would be authorized to waive it by seeking the relief we request. Both the Fourth Circuit and the D.C. Circuit have made this clear in precisely the same setting we are in now, that is, where the conviction and sentence are final and all collateral attacks have been exhausted.

*Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010), involved a 1990 conviction under 18 U.S.C. § 924(c). In 2008, the defendant sought relief pursuant to 28 U.S.C. § 2241 from the conviction and sentence based on the Supreme Court's construction of § 924(c) in *Bailey v. United States*, 516 U.S. 137 (1995). In response, the government did two things: (1) it agreed that relief under § 2241 was warranted after *Bailey*; and (2) it independently moved to vacate the conviction. *Id.* at 804, 806. The district court denied both applications. On Rice's appeal, the government became "somewhat of a moving target, altering its earlier position" by opposing relief under § 2241 on both procedural and substantive grounds. *Id.* at 806.

After holding that the district court had no jurisdiction to entertain relief under § 2241, and declining to authorize a successive petition under 28 U.S.C. § 2255, the Fourth Circuit turned to the government's motion to vacate. The court held first that the district court had jurisdiction over such motions under Rule 48 pursuant to 18 U.S.C. § 3231. *Id.* at 808. It then held that such motions may properly be made by the government even after conviction and appeal: "Although the federal courts have rarely been asked to confront the issue, we are constrained to agree that some measure of jurisdiction over a criminal prosecution remains with a sentencing court even after conviction and appeal." *Id.* at 808–09. Applying the rubric established by *Kontrick*, *Eberhart*, and *Bowles*, the court held that Rule 48 is a claims-processing rule, and thus any limitations on its applicability in the post-conviction setting can be waived by the government. 617 F.3d at 811 (citing *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006)). Finally, the Fourth Circuit went on, using language that the Second Circuit cited approvingly just this past summer, to hold that it was an abuse of discretion *not* to grant the motion. 617 F.3d at 812; *see United States v. HSBC*, 863 F.3d 125, 141 (2d Cir. 2017).

Hon. Joon H. Kim 4 October 30, 2017

In short, the United States Attorney in *Rice* had the authority under Rule 48 to move to vacate the § 924(c) conviction despite the fact that the conviction and sentence were final and collateral relief had been exhausted. Once the motion was made, the district court had the authority to grant it pursuant to § 3231. The rule of finality that would otherwise have insulated Rice's § 924(c) conviction and sentence did not interfere with an order vacating the conviction because the United States Attorney chose not to rely on it. That is precisely the course we have asked you to choose here.

The D.C. Circuit decision in *Smith*, on which the Fourth Circuit relied, is to the same effect. That case involved a Rule 48 motion to dismiss a § 924(c) conviction, made long after the conviction had become final, which was granted by the district court. 467 F.3d at 788. For unusual procedural reasons that are not relevant here, the *defendant* argued for the first time on appeal that the district court lacked the power to vacate a conviction and sentence that had become final. *Id.* at 787. Relying on *Kontrick* and *Eberhart*, the D.C. Circuit rejected that argument. *Id.* at 788 ("The question here is simply whether jurisdiction under § 3231 is available if a Rule 48 motion is made after sentencing and appeal. Though perhaps not obvious, the answer appears to be yes."). The court explicitly stated that it did not need to decide whether there are *non-jurisdictional* limits on the use of Rule 48 to vacate a final conviction because any such limit would be a claims-processing rule only, and neither party had objected in the district court. *Id.* at 789.

### C. Conclusion

I am grateful you took the time to listen to me, and I am especially grateful that you shared your concerns. I hope the foregoing allays your concern about your authority to grant our request. You asked me whether the only justification for the actions we request would be the practical reality that if they happen, no one would appeal. Though in my view that justification is sufficient, and indeed it inheres in our adversary system, the authorities described above demonstrate that even if those actions were subjected to rigorous judicial scrutiny, the result would be a conclusion that you exercised the power conferred on you by Rule 48, and Judge Sullivan exercised the authority conferred on him by 18 U.S.C § 3231.

The rule of finality serves important purposes in our system of justice, but in most contexts, including the one before you in this case, it leaves room for equitable considerations.[2] I respectfully suggest that if any case is deserving of that consideration, it is Musa's, where a 26-year-old defendant's exercise of his right to trial by jury on a low-level, nonviolent drug trafficking charge was the only reason he

---

[2] *See* Christopher W. Robbins, "Jurisdiction and the Federal Rules: Why the Time Has Come to Reform Finality by Inequitable Deadlines, 157 U. Pa. L. Rev. 279, 321 (2008) ("The recent rise of claim-processing rules further introduced flexibility and approached an introduction of equity to the area of finality.").

Hon. Joon H. Kim                                5                               October 30, 2017

was subjected to a mandatory *life* sentence, of which he has already served 26 years and five months.

   Thank you again, and of course I stand ready to answer any questions you or your colleagues might have.

                    Sincerely,

                    John Gleeson

cc: Hon. Richard J. Sullivan
   Assistant United States Attorney Joan Loughnane
   Assistant United States Attorney Sarah Eddy
   Assistant United States Attorney Danielle Sassoon