

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 26, 2019

BY ECF

The Honorable Richard J. Sullivan
United States Circuit Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York  10007

> **Re:**   **United States** v. **Jawad Amir Musa**, 90-cr-863-8 (RJS)
> **Jawad Amir Musa** v. **United States**, 97-cv-2833 (RJS)

Dear Judge Sullivan:

The Government respectfully submits this letter in response to (1) the Court's order dated July 17, 2019, instructing the Government to set forth its position with respect to Mr. Gleeson's request to withdraw as defense counsel (Doc. No. 320),[1] and (2) defense counsel's letter dated July 18, 2019, requesting the Court order that the defendant be brought to this District to address the Court in person (Doc. No. 321).

The Government is aware of no information that might suggest that Mr. Gleeson's withdrawal would be affirmatively appropriate, such as information suggesting Mr. Gleeson might be a potential witness on the subject of the purported letter from then-Captain Eric Earwin of the Bureau of Prisons.  Nor does there appear to be any particular reason to require Mr. Gleeson to remain in the case, given the defendant has no Sixth Amendment right to counsel in these proceedings, the defendant's motion for compassionate release has been briefed, and there are no further proceedings scheduled at this time.  Ultimately, however, because the Government has only incomplete information about the basis for Mr. Gleeson's request, which is before the Court in part *ex parte* and under seal, the Government takes no position on Mr. Gleeson's motion to withdraw and defers to the Court in this matter.

The Government opposes defense counsel's request to have the defendant address the Court in person.  The defense has not identified information that the defendant can provide only in person, nor otherwise explained why "it would be extremely useful for the Court to hear directly from Musa himself." (Doc. No. 321).  Although the defense also suggests the defendant's presence "may well be necessary to the resolution of the pending § 3582 motion," the suggestion is premature; the Court has not ordered an evidentiary hearing, and the Government respectfully submits no hearing is necessary for the reasons stated in its brief.  (*See* Doc. No. 311 at 18–20).

---

[1] All document numbers in this letter refer to the criminal docket, No. 90-cr-863-8 (RJS).

July 26, 2019
 Page 2

But should the Court determine that the defendant's appearance would assist the Court in evaluating the pending motions or otherwise resolving the disputes between the parties, the Government has no other objection and would defer to the Court on this question.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York


by: /s/ Alexander Li
Alexander Li
Danielle Sassoon
Assistant United States Attorneys
(212) 637-2265/-1115

cc:     John Gleeson, Esq. (*by ECF*)