

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 29, 2020

**BY ECF**
The Honorable Richard J. Sullivan
United States Circuit Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re: <u>United States v. Jawad Amir Musa</u>, 90 Cr. 863-8 (RJS)

Dear Judge Sullivan:

By order dated August 28, 2020 (ECF Doc. No. 364), the Court invited the Government to provide its position on "Musa's new arguments concerning his current medical status and its effect on his motion for compassionate release," as set forth in defendant Jawad Amir Musa's letter dated August 25, 2020 ("Ltr.," ECF Doc. No. 365). Because Musa's ailments are neither debilitating nor present a high risk of serious illness from COVID-19, the Government respectfully submits they are not "extraordinary and compelling circumstances" warranting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

Application Note 1(A) to United States Sentencing Guideline § 1B1.13 provides that "extraordinary and compelling" circumstances exist when the defendant is either (i) "suffering from a terminal illness" or (ii) "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process," <u>and</u>, in either case, the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." As Judge Caproni recently explained, "[t]he Medical Condition Note applies to a defendant younger than 65 who has a specific life-ending or debilitating illness with a predictable, dire short-term prognosis." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020).

Musa cites three medical conditions: (1) glaucoma and related symptoms, with advanced deterioration in his right eye; (2) a tear in the meniscus (cartilage) of his right knee; and (3) a history of smoking. (Ltr. at 1-2.) None of these condition is a "life-ending or debilitating illness with a predictable, dire short-term prognosis." Glaucoma is a treatable, albeit serious, disease: Although Musa appears to have suffered permanent vision loss in his right eye, he has no symptoms in his left eye and is taking medication that has kept his intraocular pressure "well controlled." (Ltr., Ex. 1 at 1, 4). A meniscus tear is also treatable, including with surgery if needed. (Ltr., Ex. 1 at 31 (noting that Musa was referred for an orthopedic surgery evaluation)). Musa suggests that the medical treatment he is receiving places him in contact with "additional personnel

that increase [his] exposure to COVID-19." (Ltr. at 2.) Musa does not argue, however, that his glaucoma or meniscus tear increases his risk of serious illness from COVID-19. Indeed, neither condition is listed as a high-risk factor by the Centers for Disease Control and Prevention ("CDC").[1]

Musa does argue that his history of smoking places him at higher risk of serious illness from COVID-19. (Ltr. at 2). It is true that the CDC advises that "[b]eing a current or former cigarette smoker <u>may</u> increase your risk of severe illness from COVID-19."[2] Musa's medical records, however, are unclear as to when, to what extent, or even whether he ever smoked. Musa cites the notes of a October 2019 medical visit that state "Former smoker" (Ltr., Ex. 1 at 1), but the notes of a December 2018 medical visit state "Never Smoker" (Ltr., Ex. 1 at 6). Assuming that Musa did smoke at some point in the past, it is unlikely it was recent — tobacco products were removed from Bureau of Prisons commissaries in 2006. Nor does Musa appear to have any lung or heart conditions commonly associated with smoking that, according to the CDC, affirmatively do increase the risk of severe illness from COVID-19.[3] Put simply, the bare report of having been at some point a former smoker is not an "extraordinary and compelling" reason for compassionate release.

For the foregoing reasons, and the reasons set forth in the Government's brief and letter dated April 29, 2020, Musa's motion for compassionate release should be denied.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

by: _____

Alexander Li
Danielle Sassoon
Assistant United States Attorneys
(212) 637-2265/-1115

cc: John Gleeson, Esq. (*via ECF*)
Marisa Taney, Esq. (*via ECF*)

---

[1] CENTERS FOR DISEASE CONTROL AND PREVENTION, *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 28, 2020).

[2] *Id*. (emphasis added).

[3] *Id*. (listing, among other conditions, "chronic obstructive pulmonary disease" and "serious heart conditions").